# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADY CHILDREN'S HOSPITAL, SAN DIEGO,<br><br>          Plaintiff,<br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 2028; SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS – WEST; and DOES 1-10,<br><br>          Defendants. | CASE NO. 07cv1173 BTM(AJB)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendants Service Employees International Union, Local 2028 ("Local 2028") and SEIU, United Healthcare Workers – West ("UHW") have filed a motion to dismiss Plaintiff's Complaint. For the reasons discussed below, Defendants' motion is **GRANTED**.

## I. BACKGROUND

On July 15, 2004, after a secret ballot election, the NLRB certified Local 2028 as the exclusive bargaining representative for approximately 700 service and maintenance employees at Plaintiff's hospital. (Compl. ¶ 9.) After the NLRB certified Local 2028 as the exclusive bargaining representative, Local 2028 and Plaintiff began negotiating an initial collective bargaining agreement ("CBA"). (Compl. ¶ 10.) Throughout these negotiations,

UHW negotiated on behalf of Local 2028. (Id.) UHW represented to Plaintiff that it was acting as an agent for Local 2028. (Id.)

On April 19, 2007, Local 2028 and Plaintiff entered into their first CBA. (Compl. ¶ 11.) Among other things, the CBA provides:

> <u>Section 1.05.</u>  <u>Successor Union</u>: The employer agrees to recognize Service Employees International Union, United Healthcare Workers-West ("SEIU-UHW") as the successor to Service Employees International Union Local 2028 upon certification either by the National Labor Relations Board ("NLRB') or a neutral arbitrator mutually selected by the parties to conduct such election, that SEIU-UHW has established its majority status through a secret ballot election that complies with the requirements of the National Labor Relations Act.  Such election must include adequate notice to all bargaining unit employees to vote.  In the event that the election is conducted by the NLRB, majority status shall be proven if SEIU-UHW receives a majority of the valid ballots cast.  In the event that the election is conducted by a neutral arbitrator, majority status shall be proven if SEIU-UHW receives the votes of a majority of those eligible to vote.  If such election occurs during the term of this Agreement, recognition also shall be contingent upon SEIU Local 2028 disclaiming interest in the bargaining unit and SEIU-UHW agreeing to assume the terms of this Agreement.  Both SEIU Local 2028 and SEIU-UHW shall indemnify the Employer against any suits, claims, demands or other liabilities, including the Employer's reasonable attorneys' fees, that may arise by reason of the Employer's recognition of SEIU-UHW pursuant to this Article.

Plaintiff alleges that since the ratification of the CBA, UHW has acted as though it is the party with whom Plaintiff contracted.  According to Plaintiff, Local 2028 has not "participated in any aspect of the administration of the collective bargaining agreement," and, by all appearances, has "disclaimed its interest in the agreement and effectively ceded all authority to SEIU-UHW." (Compl. ¶ 13.)

Plaintiff also alleges upon information and belief that Local 2028 no longer exists: "As part of a statewide SEIU restructuring plan, SEIU merged Local 2028 into another local of SEIU, Local 221.  Local 221 has since inhabited Local 2028's former offices and employed a number of Local 2028's former officers and employees."  Plaintiff states that it has been unable to uncover any evidence that Local 2028 has its own assets, directors, officers, employees, payroll, or bank accounts. (Compl. ¶ 14.)

Plaintiff asserts two causes of action.  In the first cause of action, Plaintiff seeks declaratory relief that Local 2028 has ceased to exist and that the collective bargaining agreement is therefore null and void. (Compl. ¶ 21.)  Plaintiff also seeks a declaration that

1  Local 2028 attempted to assign all of its rights and obligations under the collective bargaining
2  agreement without satisfying the requirements of Section 1.05 of the CBA, that the attempted
3  assignment of rights was therefore ineffective, and that the Hospital has no contractual
4  obligations toward UHW based on the CBA between Local 2028 and Plaintiff. (Compl. ¶ 22.)
5  　　　Plaintiff's second cause of action is for breach of contract. Plaintiff alleges that Local
6  2028 has effectively disclaimed its interest in the bargaining unit and the CBA and has
7  unilaterally attempted to transfer its contract rights to UHW without complying with Section
8  1.05 of the CBA. (Compl. ¶¶ 26-27.) As a result of Local 2028's alleged breach of contract,
9  Plaintiff seeks labor costs it has incurred "in administering and complying with a legally void
10 contract." (Compl. ¶ 28.)

## II. DISCUSSION

13 　　　Defendants argue, inter alia, that this case should be dismissed because Plaintiff's
14 claims involve representational issues that fall within the primary jurisdiction of the NLRB.
15 As discussed below, the Court agrees that Plaintiff's claims raise substantial questions that
16 must be decided in the first instance by the NLRB.
17 　　　The NLRB has primary jurisdiction in two areas of labor-management relations: (1)
18 the designation of an exclusive bargaining agent, and (2) identification of an appropriate
19 collective bargaining unit under Section 9 of the Labor Management Relations Act. Int'l
20 Woodworkers v. Ketchikan Pulp Co., 611 F.2d 1295, 1299 (9th Cir. 1980). Section 301 of
21 the LMRA confers concurrent jurisdiction upon the NLRB and federal courts to resolve labor
22 disputes that focus on the interpretation of the terms of the collective bargaining agreement.
23 United Ass'n of Journeymen v. Valley Engineers, 975 F.2d 611, 614 (9th Cir. 1992).
24 However, district courts "must tread lightly" in areas of the NLRB's primary jurisdiction and
25 must defer to the NLRB "when on close examination, section 301 cases fall within the
26 NLRB's primary jurisdiction." Id. at 613-14. "End run[s] around the [National Labor
27 Relations] Act . . . under the guise of contract interpretation . . . cannot be countenanced."
28 Pace v. Honolulu Disposal Service, Inc., 227 F.3d 1150, 1157 (9th Cir. 2000) (quoting

Ketchikan, 611 F.2d at 1299-1300).

To determine whether a case is within the NLRB's primary jurisdiction, we look to whether "the major issues to be decided . . . can be characterized as primarily representational or primarily contractual." Valley Engineers, 975 F.2d at 614 (quoting Brotherhood of Teamsters v. California Consolidators, Inc., 693 F.2d 81, 83 n. 4 (9th Cir. 1982)). When the interpretation of the contract depends "entirely on the resolution of the question of whom the union represents," the matter is properly within the NLRB's jurisdiction. Valley Engineers, 975 F.2d at 614.

Plaintiff insists that this case is contractual. According to Plaintiff, this case is about the interpretation of section 1.05 of the CBA, which Plaintiff claims Local 2028 breached by ceding all of its bargaining authority to UHW. However, the Court does not even reach the contract question without first resolving the issue of Local 2028's bargaining representative status.

Although a certified representative may delegate its duties under a contract, it cannot delegate its responsibilities. NLRB v. Nevada Security Innovations, Ltd., 341 NLRB 953, 955 (2004). In determining whether a certified bargaining representative has simply enlisted the aid of an agent or has attempted to substitute representatives, the NLRB considers the particular facts and circumstances of the case. NLRB v. Sherwood Ford, Inc., 188 NLRB 131, 134 (1971); Goad Co., 336 NLRB 694 (2001). If the certified bargaining representative remains the exclusive bargaining representative, the employer must continue to bargain with the union. Nevada Security, 341 NLRB at 956. If, on the other hand, the certified representative has transferred its bargaining responsibilities, the employer may ignore a request to bargain by the replacement. Id.

"Stripped to essentials," Valley Engineers, 975 F.2d at 614, this case is representational. Whether Local 2028 maintains its status as exclusive bargaining representative or has ceded its responsibilities to UHW should be decided in the first

instance by the NLRB.[1]

This case is similar to West Point-Pepperell, Inc., v. Textile Workers Union of America, 559 F.2d 304 (5th Cir. 1977). In that case, TWUA was certified as the exclusive collective bargaining representative of certain employees of West Point-Pepperell. Subsequently, TWUA merged with the ACTWU, and ACTWU became the surviving union. West Point refused to pay dues to and bargain with ACTWU and brought a suit for declaratory judgment. West Point claimed that the district court had jurisdiction over the action under Section 301 because TWUA assigned its rights under the contract to ACTWU in violation of the agreement. The district court held that it lacked jurisdiction to decide which union represented the employees:

> Whether or not a merged union should remain as the bargaining agent of a unit of employees depends on a factual determination, whether it is a continuation of the old union under a new name or is a substantially different organization. . . . This calls for a resolution of the right to represent, a matter within the exclusive domain of the NLRB and not compatible with the purpose of Section 301.

Id. at 307. The Fifth Circuit affirmed the district court's decision. See also Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F.2d 489, 521-22 (5th Cir. 1982) ("Under Section 159 of the Act, Congress vested the NLRB with the exclusive authority to make the factual finding regarding the representative status of labor organizations. It is clear that wherever there is a change in the representation of a union, the board, and not the courts, is the proper body to reassess the change.")

As in West Point-Pepperell, Plaintiff claims that Local 2028 breached the CBA by assigning its rights and responsibilities to UHW. However, the ultimate question that must be decided is whether there has been a change in representation. The NLRB has exclusive jurisdiction to make the factual findings regarding Local 2028's bargaining representative status.

Plaintiff's declaratory relief claim fails for the same reasons. Whether Local 2028 still exists after the merger with Local 221 and whether UHW has taken on the role of bargaining

---

[1] Indeed, these are issues that are currently before the NLRB as a result of the unfair labor practice charges filed by Local 2028. (Ex. A to Harland Decl.)

representative are questions that fall within the NLRB's exclusive jurisdiction.

### III. CONCLUSION

The NLRB has primary jurisdiction over the representational issues raised by Plaintiff's Complaint. Therefore, Defendants' motions to dismiss are **GRANTED**. Plaintiff's Complaint is **DISMISSED**. Although it appears that the heart of this dispute is representational and the Court questions whether Plaintiff is able to plead causes of action that do not fall within the NLRB's primary jurisdiction, the Court grants Plaintiff leave to file an amended complaint. The Court cautions Plaintiff that if it chooses to file an amended complaint, the amended complaint must not be a reiteration of the original complaint. The amended complaint, if any, must be filed on or before **December 21, 2007**.

**IT IS SO ORDERED.**

DATED:  November 26, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge