# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADY CHILDREN'S HOSPITAL, SAN DIEGO,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 2028; SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS – WEST; and DOES 1-10,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 07cv1173 BTM(AJB)<br><br>**ORDER GRANTING VOLUNTARY DISMISSAL OF FIRST AMENDED COMPLAINT, DENYING MOTIONS TO DISMISS AS MOOT, AND GRANTING MOTIONS FOR SANCTIONS** |

　　　　Defendants Service Employees International Union, Local 2028 ("Local 2028") and SEIU, United Healthcare Workers – West ("UHW") (collectively "Defendants") have filed motions to dismiss Plaintiff's First Amended Complaint. Plaintiff filed a "Statement of Non-opposition to Defendants' Motions to Dismiss First Amended Complaint and Notice of Withdrawal of First Amended Complaint." The Court construes the notice of withdrawal as a request to voluntarily dismiss the First Amended Complaint. The Court **GRANTS** the request for voluntary dismissal and **DENIES AS MOOT** Defendants' motions to dismiss.

　　　　Defendants have also filed motions for Rule 11 sanctions or, in the alternative, attorney's fees under 28 U.S.C. § 1927. For the reasons discussed below, the Court

**GRANTS** UHW's motion for Rule 11 Sanctions and **GRANTS** Local 2028's motion for attorney's fees under 28 U.S.C. § 1927.

## I. BACKGROUND

On June 28, 2007, Plaintiff commenced this action. Plaintiff alleged that although the NLRB certified Local 2028 as the exclusive bargaining representative for approximately 700 service and maintenance employees at Plaintiff's hospital, Local 2028 has not "participated in any aspect of the administration of the collective bargaining agreement," and, by all appearances, has "disclaimed its interest in the agreement and effectively ceded all authority to SEIU-UHW." (Compl. ¶ 13.)

Plaintiff also alleged upon information and belief that Local 2028 no longer exists: "As part of a statewide SEIU restructuring plan, SEIU merged Local 2028 into another local of SEIU, Local 221. Local 221 has since inhabited Local 2028's former offices and employed a number of Local 2028's former officers and employees." Plaintiff alleged that it has been unable to uncover any evidence that Local 2028 has its own assets, directors, officers, employees, payroll, or bank accounts. (Compl. ¶ 14.)

The original complaint asserted two causes of action. In the first cause of action, Plaintiff sought declaratory relief that Local 2028 has ceased to exist and that the collective bargaining agreement is therefore null and void. (Compl. ¶ 21.) Plaintiff also sought a declaration that Local 2028 attempted to assign all of its rights and obligations under the collective bargaining agreement ("CBA") without satisfying the requirements of Section 1.05 of the CBA, that the attempted assignment of rights was therefore ineffective, and that the Hospital has no contractual obligations toward UHW based on the CBA between Local 2028 and Plaintiff. (Compl. ¶ 22.)

Plaintiff's second cause of action was for breach of contract. Plaintiff alleged that Local 2028 has effectively disclaimed its interest in the bargaining unit and the CBA and has unilaterally attempted to transfer its contract rights to UHW without complying with Section 1.05 of the CBA. (Compl. ¶¶ 26-27.)

In an order filed on November 26, 2007, the Court granted motions to dismiss brought by Defendants. The Court held that this case, when "stripped to essentials," was representational and fell within the primary jurisdiction of the NLRB. See <u>United Ass'n of Journeymen v. Valley Engineers</u>, 975 F.2d 611, 614 (9th Cir. 1992). The Court explained, "Whether Local 2028 still exists after the merger with Local 221 and whether UHW has taken on the role of bargaining representative are questions that fall within the NLRB's exclusive jurisdiction."

Although the Court dismissed Plaintiff's Complaint, the Court granted Plaintiff leave to file an amended complaint. However, the Court questioned whether Plaintiff would be able to plead causes of action that do not fall within the NLRB's primary jurisdiction and cautioned Plaintiff that "the amended complaint must not be a reiteration of the original complaint."

On December 20, 2007, Plaintiff filed its First Amended Complaint ("FAC"). For the most part, the FAC alleges the same facts as the original complaint and reasserts the causes of action for declaratory relief and breach of contract. The FAC also asserts additional causes of action for fraud in the inducement and violation of 29 U.S.C. § 462. In the fraud in the inducement claim, Plaintiff alleges that it was fraudulently induced to enter into the CBA by representations by individuals from UHW that Local 2028 was a viable entity. (FAC ¶ 12.) Plaintiff alleges that Local 2028 is not and was not a viable entity and seeks rescission of the CBA. (FAC ¶¶ 25, 29.) In the claim for violation of 29 U.S.C. § 462, Plaintiff alleges that a trusteeship asserted over Local 2028 on July 10, 2007 by the International President of SEIU is invalid because Local 2028 is not a viable entity and cannot be a subordinate body. (FAC ¶ 33.)

## II. DISCUSSION

### A. Rule 11 Sanctions

Before filing a Rule 11 motion for sanctions, the moving party must serve the opposing party and give them at least 21 days to withdraw or otherwise correct the offending paper. Fed. R. Civ. P. 11(c)(2). In the Ninth Circuit, the "safe harbor" provision is enforced strictly,

| | |
|---|---|
| 1 | and sanctions cannot be awarded when the moving party has failed to comply with its |
| 2 | requirements.  Holgate v. Baldwin, 425 F.3d 671, 677-78 (9th Cir. 2005). |
| 3 |       Local 2028 did not comply with the "safe harbor" provision.  On January 8, 2008, Local |
| 4 | 2028 served its motion on Plaintiff *by U.P.S. overnight mail*.  (Ex. 1 to Overstreet Decl.) |
| 5 | Thus, the "safe harbor" period was extended by three additional days.  Fed. R. Civ. P. 6(d). |
| 6 | Local 2028 filed its motion on January 28, 2008, twenty days after service of the motion. |
| 7 | Therefore, the Court must deny Local 2028's motion for Rule 11 sanctions. |
| 8 |       UHW complied with the requirements of the "safe harbor" provision.  It served its |
| 9 | motion on January 3, 2008 and filed its motion on January 28, 2008.  Therefore, the Court |
| 10 | turns to the merits of UHW's motion for Rule 11 sanctions. |
| 11 |       Rule 11 sanctions may be imposed if a paper filed with the Court is "for any improper |
| 12 | purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of |
| 13 | litigation," or if the claims, defenses, or other legal contentions are frivolous.  Fed. R. Civ. P. |
| 14 | 11(b)(1)-(2).  The standard governing both the "improper purpose" and "frivolous" inquiries |
| 15 | is objective – i.e., "[T]he subjective intent of the . . . movant to file a meritorious document |
| 16 | is of no moment.  The standard is reasonableness.  The 'reasonable man' against which |
| 17 | conduct is tested is a competent attorney admitted to practice before the district court."  G.C. |
| 18 | & K.B. Investments, Inc. v. Wilson, 326 F.3d 1096 (9th Cir. 2003) (quoting Zaldivar v. City |
| 19 | of Los Angeles, 780 F.2d 823, 830 (9th Cir. 1986)). |
| 20 |       It was not objectively reasonable for Plaintiff's counsel to refile its claims for breach |
| 21 | of contract and declaratory relief.  The Court previously dismissed these *exact same claims* |
| 22 | and even warned Plaintiff that the amended complaint should not reiterate the original |
| 23 | complaint.  The addition of allegations regarding fraud in the inducement and an invalid |
| 24 | trusteeship did not change the character of the breach of contract and declaratory relief |
| 25 | claims and did not alter the fact that they fall within the primary jurisdiction of the NLRB. |
| 26 | Given the Court's prior decision, the breach of contract and declaratory relief claims are |
| 27 | frivolous.  See Committee notes on Amendments to Federal Rules of Civil Procedure, 146 |
| 28 | F.R.D 401, 585 (1993) (explaining that Rule 11 "emphasizes the duty of candor by subjecting |

litigants to potential sanctions for insisting upon a position after it is no longer tenable . . . ."). The Court also finds that the refiling of these claims was for an improper purpose. See Zaldivar, 780 F.2d at 832 ("[W]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment.")

Assuming for the moment that Plaintiff's claims for fraud in the inducement and violation of 29 U.S.C. § 462 are not frivolous, sanctions would still be warranted due to the unjustified refiling of the claims for breach of contract and declaratory relief. Rule 11 sanctions may be imposed where a party files a pleading containing a frivolous claim even if the pleading also contains non-frivolous claims. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1363 (9th Cir. 1991) (explaining that it would defeat Rule 11's purpose of deterrence if a party that has one nonfrivolous claim could pile on frivolous allegations without fear of sanction). In determining whether sanctions should be imposed when frivolous as well as non-frivolous claims are filed, courts should consider the significance of the allegedly frivolous allegations in the pleading as a whole. Id. at 1364. "[A] minor or insignificant allegation or subclaim should not render a pleading sanctionable." Id. at 1365 n. 4. Here, the breach of contract claim and declaratory relief claim are not insignificant but, rather, are the main thrust of the FAC. Therefore, Rule 11 sanctions are warranted.

At any rate, the Court finds that the new claims are also frivolous. Both the fraud in the inducement claim and the claim challenging the trusteeship hinge upon the determination of whether Local 2028 was and is a viable entity and the bargaining representative of the employees at Plaintiff's hospital. The representational status of Local 2028 is at the core of Plaintiff's dispute and, as previously explained by the Court, is a matter within the exclusive jurisdiction of the NLRB. West Point-Pepperell, Inc. v. Textile Workers Union of America, 559 F.2d 304, 307 (5th Cir. 1977). Indeed, the reason why Plaintiff chose to withdraw the FAC is because the NLRB's Division of Advice made some initial determinations that call Plaintiff's claims into question. Specifically, the Division of Advice reached the following conclusions:

> In brief, Advice found that the Employer's failure to recognize Local 2028, and its corresponding appointment of assistant trustees, *after it was*

> *placed in trusteeship*, violated the Act.  Thus, while Advice initially concluded that the Union had impermissibly delegated its Section 9(a) representational duties and functions to UHW prior to the imposition of trusteeship, it found that the Employer unlawfully refused to deal with Union after it had been placed under trusteeship because it had not disclaimed interest in representing the unit or become defunct.
> Correspondingly, the Employer's refusal to recognize the appointed assistant trustees subsequent to its notification of their appointment by Union trustee Lois Balfour on July 20, 2007, is found to be a violation of the Act.

(Ex. 1 to Plaintiff's Statement of Non-Opposition.)

Furthermore, Plaintiff does not have standing to bring its claim for violation of 29 U.S.C. § 462.  As provided by 29 U.S.C. § 464(a), "*Any member or subordinate body of a labor organization affected by any violation of this subchapter* . . . may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate."  (Emphasis added.)  Plaintiff, an employer, does not fall within the category of persons permitted to bring a civil action for violation of section 462.  Relying on Vars v. Int'l Bhd. of Boilermakers, 204 F. Supp. 245 (D. Conn. 1962), Plaintiff's counsel argues that section 464(a) can be read as allowing others besides members or subordinate bodies of labor organizations to bring civil actions.  Plaintiff's interpretation of Vars is not reasonable.  In Vars, the issue was whether an expelled union member fell within the definition of a "member" who could sue under section 464(a).  Nothing in Vars or any other case suggests that an *employer* can sue under section 464(a).

Because the FAC contains frivolous claims and was filed for an improper purpose, the Court **GRANTS** UHW's motion for Rule 11 sanctions.  Plaintiff's counsel shall pay the reasonable attorney's fees and costs incurred by UHW in connection with bringing its motion to dismiss and motion for sanctions.  The precise amount of the sanction shall be determined after supplemental submissions on the issue.

///

///

///

### B. Sanctions under 28 U.S.C. § 1927

Although Local 2028 cannot prevail on its motion for Rule 11 sanctions due to its failure to comply with the "safe harbor" requirements, the Court finds that Local 2028 is entitled to attorney's fees under 28 U.S.C. § 1927.

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award of sanctions under section 1927 "must be supported by a finding of subjective bad faith," which "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." In re Keegan Mgmt. Co., Sec. Lit., 78 F.3d 431, 436 (9th Cir. 1996) (internal quotations omitted).

Plaintiff's counsel knowingly or recklessly raised frivolous arguments by refiling the breach of contract and declaratory relief claims that had already been dismissed by the Court. See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990) (upholding section 1927 sanctions where plaintiff's counsel attempted to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim and by continually moving for alterations in the district court's original judgment).

Therefore, the Court **GRANTS** Local 2028's motion for section 1927 sanctions. Plaintiff's counsel shall pay Local 2028's reasonable attorney's fees and costs incurred in connection with bringing its motion to dismiss and motion for section 1927 sanctions (but not Rule 11 sanctions) in an amount to be determined by the Court.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's request for voluntary dismissal of the First Amended Complaint. The First Amended Complaint is hereby **DISMISSED** and Defendants' motions to dismiss [22; 23] are **DENIED AS MOOT**.

The Court **GRANTS** UHW's motion for Rule 11 Sanctions [32] and **GRANTS** Local 2028's motion for attorney's fees under 28 U.S.C. § 1927 [33]. UHW and Local 2028 shall

submit supplemental declarations setting forth the attorney's fees and costs claimed in connection with the filing of the motions to dismiss and the motions for sanctions. The declarations shall be filed by **May 19, 2008**. Plaintiff's counsel may file a response addressing the specific amounts requested by **June 2, 2008**. Any reply shall be filed by **June 9, 2008**. No oral argument is needed on the amount of the sanctions.

**IT IS SO ORDERED.**

DATED: May 5, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge