# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADY CHILDREN'S HOSPITAL, SAN DIEGO,<br><br>    Plaintiff,<br>  v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 2028; SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS – WEST; and DOES 1-10,<br><br>    Defendants. | CASE NO. 07cv1173 BTM(AJB)<br><br>**ORDER SETTING AMOUNT OF SANCTIONS** |

In an order filed on May 5, 2008, the Court granted SEIU, United Healthcare Workers – West's ("UHW") motion for Rule 11 sanctions and granted Service Employees International Union, Local 2028's ("Local 2028") motion for attorney's fees under 28 U.S.C. § 1927. The Court ordered the parties to file supplemental papers regarding the amount of attorney's fees and costs incurred in connection with the filing of the motions to dismiss and the motions for sanctions.

Local 2028's counsel has submitted billing records showing that a total of $8,610.00 in attorney's fees (24.60 hours x $350 per hour) were incurred in connection with the motion to dismiss and motion for sanctions. Plaintiff does not dispute the reasonableness of the hourly rate. However, Plaintiff points out that approximately two hours of the billed time can

be attributed to work performed in connection with the motion for Rule 11 sanctions only (as opposed to the motion for attorney's fees under 28 U.S.C. § 1927).  These fees are not recoverable. Subtracting these two hours, Local 2028's counsel billed 22.60 hours in connection with the motion to dismiss and motion for sanctions.  These hours are more than reasonable.  Therefore, Local 2028's award is $7,910.00 (22.6 hours x $350 per hour).

According to the billing records of UHW's counsel, UHW incurred $15,031.25 in attorney's fees, $232.50 in paralegal fees, and $150.32 in costs in connection with the motion to dismiss and motion for sanctions.  As for the attorney's fees, the Court finds the hourly rate of $325 per hour, which Plaintiff does not challenge, to be reasonable.  Upon review of the billing records and the papers filed in connection with UHW's motion to dismiss and motion for sanctions, the Court also finds that the amount of time billed (46.25 hours) was reasonable.  Among other things, UHW's counsel researched new issues raised by the First Amended Complaint, drafted and revised a seventeen-page brief in support of UHW's motion to dismiss, drafted and revised a ten-page brief in support of its motion for sanctions, researched and drafted a ten-page reply in support of UHW's motion to dismiss, and prepared the supplemental declaration on the issue of attorney's fees.  The 46.25 hours billed for the performance of this work is not excessive. UHW also requests an additional .75 hours in fees for drafting a three-paragraph reply to Plaintiff's response to UHW's declaration regarding attorney's fees.  The Court does not grant these additional fees because the reply was not necessary and did not aid the Court in its resolution of the issues.  Therefore, the amount of attorney's fees awarded to UHW is $15,031.25.

UHW also seeks paralegal fees in the amount of $232.50.  The Court finds that the hourly rate of $155.00 is excessive for the paralegal work involved here and finds that $80 is a reasonable hourly rate.  In addition, the Court deducts from the award .5 hours spent for "review of applicable rules to determine due dates triggered by Order dismissing First Amended Complaint and granting UHW's motion for Attorney's Fees." The Court's Order set forth the date by which the supplemental declarations regarding the attorney's fees were required to be filed.  It is unclear what other dates needed to be determined.  Therefore,

07cv1173 BTM(ABJ)

UHW may recover one hour of paralegal time at the rate of $80 per hour, for a total of $80.

The Court denies UHW's claimed costs. UHW claims $85.50 for "fax filing" on January 9, 2008. However, UHW's motion to dismiss was electronically filed on January 8, 2008, and there is no filing fee for a motion to dismiss. UHW also claims $56.34 in overnight delivery charges for courtesy copies to Chambers and $8.48 for Pacer research. The Court does not find these costs to be necessary.

Accordingly, the Court awards UHW Rule 11 sanctions in the amount of $15,111.25 and awards Local 2028 attorney's fees under 28 U.S.C. § 1927 in the amount of $7,910.00. Plaintiff's counsel shall pay these amounts to UHW and Local 2028 forthwith. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: June 23, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge